IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEVIN BRANDIS PUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-cv-53-RAH-JTA |
| | ) (WO) |
| DEPARTMENT OF MENTAL | ) |
| HEALTH AND HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is the motion for leave to proceed *in forma pauperis* filed by *pro se* Plaintiff Devin Brandis Pugh.[1] (Doc. No. 2.) Upon review of the motion, it is due to be granted. In addition, Plaintiff will be ordered to file an amended complaint that complies with this Order and the Federal Rules of Civil Procedure.

### I.  DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, the court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) – (iii). Upon review, the court finds the

---

[1] As of the date of this Order, Plaintiff has 30 cases currently pending in this court, all filed within the past 32 days.

complaint contains numerous deficiencies that must be remedied before this case can proceed.

Under the Federal Rules of Civil Procedure, a complaint fails to state a claim upon which relief can be granted unless it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Not only must a complaint include sufficient facts about a plaintiff's injuries sufficient to state a claim upon which relief can be granted, but, under Article III of the United States Constitution, all plaintiffs must allege a "concrete and particularized" injury that affects "the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016) (quotations omitted). If a plaintiff fails to allege a concrete and personal injury, the plaintiff does not have standing to bring their claim in federal court. *Id*. at 338–339.

Further, *pro se* plaintiffs may not bring claims on behalf of others. *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (citing *Timson v. Sampson*, 518 F.3d 870, 873 (11th

Cir. 2008)). The statutory provision permitting parties to proceed *pro se* specifically states that "parties may plead and conduct *their own cases* personally." 28 U.S.C. § 1654 (emphasis added). This provision of § 1654 provides "a personal right that does not extend to the representation of the interest of others." *Timson*, 518 F.3d at 873.

Here, Plaintiff's complaint fails to state a claim upon which relief can be granted because it fails to supply any specific facts demonstrating why Defendant is liable. Plaintiff fails to allege how Defendant Department of Mental Health and Human Services (sic)[2] personally injured him. There are no allegations how Plaintiff *personally* suffered any injury from lack of ability to obtain needed medication. Nor does he identify any particular administrative or regulatory action (or lack of legally mandated action) on Defendant's behalf that caused him any injury. Plaintiff does state: "Many patients struggle to obtain critical medications, particularly if those medications are classified as controlled or scheduled." (Doc. No. 1 at 1.) However, Plaintiff is proceeding *pro se*, so he cannot bring claims seeking relief on behalf of patients other than himself. *See Timson*, 518 F.3d at 873.

Moreover, no cognizable legal cause of action is evident on the face of the complaint, which essentially seeks to have the court set public policy and create new law. Specifically, Plaintiff seeks relief in the form of changes to statutes and regulations of the United States and the implementation of certain policies he believes will allow "patients" to obtain their medications. (*Id*. at 2-3.) *See Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S. 77, 95 (1981) ("[F]ederal courts, unlike their state counterparts,

---

[2] It appears Plaintiff likely intended to name the United States Department of Health and Human Services as Defendant. Plaintiff should correctly name the intended Defendant in his amended complaint.

are courts of limited jurisdiction that have not been vested with open-ended lawmaking powers."). The Supreme Court has "consistently . . . emphasized that the federal lawmaking power is vested in the legislative, not the judicial, branch of government." *Id*.; *see also Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 392, (2024) (explaining the court's duty to "*interpret* constitutional and statutory provisions" (emphasis added; citation and internal quotation marks omitted)). Thus, the complaint does not contain sufficient allegations to establish that Plaintiff has a cognizable right to relief against Defendant, even assuming Plaintiff's factual allegations are true.

Additionally, because Plaintiff does not allege he has suffered any particular, personalized, concrete injury attributable to Defendant, he fails to establish Article III standing, which is necessary for the court to exercise jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 & n.1(1992) (holding that, to have standing, the plaintiff must have suffered a "particularized" injury, which means that "the injury must affect the plaintiff in a personal and individual way").

Furthermore, the court notes Plaintiff did not sign his complaint. "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id*. However, because an amended complaint supersedes all previous complaints, Plaintiff must sign the amended complaint. *See Kelly v. Elite Roofing, LLC*, Case No. 2:24-cv-388-MHT-JTA, 2024 WL 4993858, at *4 (M.D. Ala. Dec. 5, 2024) (explaining that an amended complaint supersedes and renders

4

"inoperative" any earlier complaint). ***If Plaintiff does not sign the amended complaint in accordance with Rule 11, it will be stricken, along with the original complaint, and the undersigned will recommend this action be dismissed.***

Finally, the docket sheet reflects that Plaintiff has not filed the required conflict disclosure form, although the Clerk of the Court notified him of this deficiency by letter dated January 15, 2025, and provided him a copy of the relevant form. (Doc. No. 4.)

## II.   CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) is GRANTED.

2. **On or before February 11, 2025**, Plaintiff shall file the required disclosure statement. A template "Disclosure Statement" is available on the court's website at https://www.almd.uscourts.gov/forms/conflict-disclosure-form-2024.

3. On or before **February 11, 2025**, Plaintiff must file an amended complaint that complies with the following requirements:

    a. To the extent possible, correctly names Defendant(s).

    b. Sets out a short, plain statement of the facts on which Plaintiff bases his claims. The amended complaint must specifically describe how Defendant and its employees acted, or failed to act, in a manner that harmed Plaintiff, not other patients.

    c. Presents a short and plain statement of each claim showing Plaintiff is entitled to relief and "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted); Fed R. Civ. P. 8(a)(2). The amended complaint should set out each claim in a separately numbered count that specifies which law was allegedly violated and reference specific allegations of fact that support each legal claim. To the extent practicable, and for further clarity, Plaintiff should also state when the alleged violations occurred.

    d. Includes a Plaintiff's signature in compliance with Rule 11(a) of the Federal Rules of Civil Procedure.

***Plaintiff is advised that failure to timely file an amended complaint in compliance with this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders. Such dismissal may be with or without prejudice****. **Plaintiff is further advised that his amended complaint will be subject to 28 U.S.C. § 1915(e)(2)(B) review.***

DONE this 28th day of January, 2025.

                                              JERUSHA T. ADAMS
                                              UNITED STATES MAGISTRATE JUDGE