IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEVIN BRANDIS PUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 2:25-cv-53-RAH-JTA |
| DEPARTMENT OF MENTAL | ) |
| HEALTH AND HUMAN SERVICES, | ) (WO) |
| | ) |
| Defendant. | |

# ORDER

Before the court are the following documents filed by *pro se* Plaintiff Devin Brandis Pugh: the objection to the Recommendation of the Magistrate Judge (Doc. No. 7), the corporate/conflict disclosure statement (Doc. No. 8), and the motion for issuance of a summons (Doc. No. 9). For the reasons stated below, these documents are due to be stricken from the record.

A little background here is instructive. Currently, Pugh is the plaintiff in thirty cases pending in this court.[1] Pugh filed most of his complaints in one single action, which the

---

[1] The following is a list of cases Pugh is currently pursuing in this district: *Pugh v. Coffee County, Alabama*, Case No. 1:25-cv-30-RAH-SMD; *Pugh v. Coffee County Jail, et al.*, Case No. 1:25-cv-50-RAH-KFP; *Pugh v. United States Department of Justice*, Case No. 2:24-cv-798-ECM-SMD; *Pugh v. South Central Mental Health Center, Luverne, Alabama*, Case No. 2:24-cv-836-ECM-JTA; *Pugh v. Amazon Marketplace*, Case No. 2:25-cv-10-ECM-KFP; *Pugh v. HHH Motorcycle Seller*, Case No. 2:25-cv-12-MHT-CWB; *Pugh v. Colbert County, Alabama*, Case No. 2:25-cv-13-RAH-KFP; *Pugh v. Conecuh County, Alabama*, Case No. 2:25-cv-14-RAH-JTA; *Pugh v. Autauga County, Alabama*, Case No. 2:25-cv-15-ECM-KFP; *Pugh v. Barbour County, Alabama*, Case No. 2:25-cv-16-MHT-KFP; *Pugh v. Bibb County, Alabama*, Case No. 2:25-cv-17-RAH-CWB; *Pugh v. Blount County, Alabama*, Case No. 2:25-cv-18-RAH-CWB; *Pugh v. Bullock County, Alabama*, Case No. 2:25-cv-19-ECM-CWB; *Pugh v. Butler County, Alabama*, Case No. 2:25-cv-20-MHT-SMD; *Pugh v. Calhoun County, Alabama*, Case No. 2:25-cv-21-MHT-KFP; *Pugh v. Cherokee County, Alabama*, Case No. 2:25-cv-23-RAH-SMD; *Pugh v. Chilton County,*

court severed into separate actions for each named defendant. *See Pugh v. South Central Mental Health Center, Luverne, Alabama*, Case No. 2:24-cv-836-ECM-JTA, Docs. No. 1 & 6. The Clerk of Court assigned each separate action a unique case number. As a result, the filing of one complaint by Pugh, in Case No. 2:24-cv-836-ECM-JTA, yielded 24 separate cases.

In the three documents at issue, Pugh states his intent for each document to be filed in **all pending cases** in which he is the plaintiff. Yet, Pugh only provided the Clerk of Court with one copy of each document. The documents at issue also do not identify any particular case or contain any case numbers.

The Federal Rules of Civil Procedure "apply uniformly in federal court[.]" *In re Bailey*, 90 F.4th 1158, 1170 (11th Cir. 2024). Rule 5(d)(4) of the Federal Rules of Civil Procedure requires "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."[2] Therefore, per the court's directive, the Clerk of Court filed the documents in this case.

---

*Alabama*, Case No. 2:25-cv-25-ECM-CWB; *Pugh v. Choctaw County, Alabama*, Case No. 2:25-cv-26-RAH-SMD; *Pugh v. Clarke County, Alabama*, Case No. 2:25-cv-27-MHT-JTA; *Pugh v. Clay County, Alabama*, Case No. 2:25-cv-28-MHT-SMD; *Pugh v. Cleburne County, Alabama*, Case No. 2:25-cv-29-MHT-KFP; *Pugh v. Crenshaw County, Alabama*, Case No. 2:25-cv-31-ECM-KFP; *Pugh v. U.S. Department of Education*, Case No. 2:25-cv-32-RAH-CWB; *Pugh v. Alphabet Inc.*, Case No. 2:25-cv-33-ECM-JTA; *Pugh v. Baldwin County, Alabama*, Case No. 2:25-cv-34-RAH-SMD; *Pugh v. Alabama Department of Mental Health*, Case No. 2:25-cv-51-MHT-KFP; *Pugh v. Department of Mental Health and Human Services*, Case No. 2:25-cv-53-RAH-JTA; *Pugh v. National Bar Association*, Case No. 2:25-cv-54-MHT-CWB; *Pugh v. Bonds, et al.*, Case No. 2:25-cv-77-MHT-SMD; *Pugh v. Chambers County, Alabama*, Case No. 3:25-cv-22-RAH-KFP. Five of these cases are assigned to the undersigned.

[2] The Advisory Committee Notes to the 1991 amendments to Rule 5 state:

Nonetheless, the three documents at issue do not warrant consideration by the court because they violate the Federal Rules of Civil Procedure. Specifically, each of the documents at issue lacks a caption. Under Rule 10, which is entitled "Form of Pleadings[,]" "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation." Fed. R. Civ. P. 10(a). Under Rule 7(b)(2), "The rules governing captions and other matters of form in pleadings apply to motions and other papers." Fed. R. Civ. P. 7(b)(2).

The three documents at issue also violate this court's Local Rules.[3] Local Rule 5.7 provides: "All documents requesting any [c]ourt action or presenting any matters for consideration of the [c]ourt must be filed in accordance with the procedures set forth in the Federal Rules of Civil Procedure and these Local Rules." M.D. Ala. L.R. 5.7. "'Letters

---

> Several local district rules have directed the office of the clerk to refuse to accept for filing papers not conforming to certain requirements of form imposed by local rules or practice. This is not a suitable role for the office of the clerk, and the practice exposes litigants to the hazards of time bars; for these reasons, such rules are proscribed by this revision. The enforcement of these rules and of the local rules is a role for a judicial officer. A clerk may of course advise a party or counsel that a particular instrument is not in proper form, and may be directed to so inform the court.

Fed. R. Civ. P. 5 (Advisory Committee Notes to the 1991 amendments). Case captions and case numbers are matters of form. *See* Fed. R. Civ. P. 7(a)(2); Fed. R. Civ. P. 10(a).

[3] Pugh is ADVISED the court's website (https://www.almd.uscourts.gov) provides important information for litigants who are proceeding *pro se*. Pugh should review the section entitled "Representing Yourself" on the court's website. The Federal Rules of Civil Procedure, the Local Rules for the Middle District of Alabama, the Guidelines to Civil Discovery Practice in the Middle District of Alabama, and forms/instructions are also available through the court's website.

motions' or 'letter briefs' or 'supplemental information' will not be considered by the [c]ourt." *Id*.

The undersigned is mindful Pugh filed the majority of his complaints in one single action, which was then severed by the court into separate actions with distinct case numbers. It is understandable how Pugh might be confused now as to how to file documents in each of his separate actions. This Order thus provides some clarity.

Pugh is ADVISED that all documents filed in the severed cases, as well as in any other pending cases, **must** comply with Rules 7(b)(2) and 10(a). **Any document filed by Pugh which does not comply with these Rules may be stricken by the court.** *See* M.D. Ala. L.R. 5.7.

Pugh is further ADVISED that, as a *pro se* litigant, it is his responsibility to comply with court orders, the Federal Rules of Civil Procedure,[4] the Local Rules of the United States District Court for the Middle District of Alabama, and the Guidelines to Civil Discovery Practice in the Middle District of Alabama. Failure to comply with court orders and all applicable rules and deadlines may result in sanctions, which could include monetary sanctions or dismissal of this case with or without prejudice.

---

[4] The Rules of Civil Procedure exist to facilitate "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "If, in his [numerous] cases, [Pugh] is not held to the same standard as other litigants . . . the impact on the efficiency of administration of justice and judicious use of limited court resources will be . . . palpable in other cases and matters before the court." *Smith v. City of Montgomery*, No. 2:22-CV-196-MHT-JTA, 2023 WL 7290460, at *4 (M.D. Ala. Oct. 16, 2023), *report and recommendation adopted sub nom. Smith v. City of Montgomery, Alabama*, No. 2:22-CV-196-MHT, 2023 WL 7287879 (M.D. Ala. Nov. 3, 2023).

Accordingly, having advised Pugh of the necessity of complying with the applicable rules and the consequences of failing to do so, it is ORDERED that the documents filed by Pugh which violate the Federal Rules of Civil Procedure and M.D. Ala. L.R. 5.7 (Docs. No. 7, 8, 9) are STRICKEN.

The Clerk of the Court is DIRECTED to return the originals of the stricken documents to Pugh.

DONE this 4th day of March, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE