IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEVIN BRANDIS PUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 2:25-cv-53-RAH-JTA |
| DEPARTMENT OF MENTAL ) | (WO) |
| HEALTH AND HUMAN SERVICES, ) | |
| ) | |
| Defendant. | |

**<u>ORDER</u>**

Before the court is the motion for appointment of counsel filed by *pro se* Plaintiff Devin Pugh on March 24, 2025. (Doc. No. 13.) For the reasons stated below, the motion is due to be denied.

**I.      DISCUSSION**

Plaintiff moves for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Section 1915(e)(1) states: "The court may request an attorney to represent any person unable to afford counsel." However, "appointment of counsel in a civil case is not a constitutional right" and is granted only in "exceptional circumstances." *Norrell v. Phenix City Pub. Transportation (PEX)*, No. 3:24-CV-411-RAH-JTA, 2024 WL 4759771, at *2 (M.D. Ala. Nov. 12, 2024) (citations and internal quotation marks omitted). Plaintiff has not demonstrated exceptional circumstances. He mentions he is "disabl[ed]," but he does not state how that disability affects his ability to represent himself. (Doc. No. 13 at 1.) He states he "lacks legal training." (*Id*.) Lack of legal training is a characteristic of all *pro se*

1

plaintiffs, not an exceptional circumstance. Plaintiff also makes the bare allegation this case presents "complex legal issues." (*Id*.) He does not identify those complex issues or explain why they are complex enough to necessitate appointment of counsel. On its face, "[t]his case does not appear more complex than most civil rights cases litigated by [plaintiffs] who are untrained in the law and have limited resources available to them." *Norrell*, 2024 WL 4759771, at *2 (quoting *Hill v. Prock*, No. 3:22-CV-866-BJD-PDB, 2024 WL 4008106, at *2 (M.D. Fla. Aug. 30, 2024)).

As Plaintiff has previously been advised, he must comply with the Federal Rules of Civil Procedure. (*See* Docs. No. 10, 11.) That includes Rule 5 of the Federal Rules of Civil Procedure, which requires a certificate of service to be filed with all motions, pleadings, and other papers nonelectronically filed with the court. Fed. R. Civ. P. 5(a)(1)(D), (d)(1)(B)(i). Plaintiff's motion lacks a certificate of service. **Going forward, the court may strike documents for repeated failure to include a certificate of service and failure to comply with this order**.

## II.   CONCLUSION

Accordingly, it is ORDERED that the motion for appointment of counsel (Doc. No. 13) is DENIED.

DONE this 2nd day of April, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE